**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO P. BERNARDO,<br><br>            Plaintiff,<br><br>      v.<br><br>DAVIS, DAVIS & ASSOCIATES, LLC,<br><br>            Defendant. | Case No.  5:21-cv-02010<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes FRANCISCO P. BERNARDO ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of DAVIS, DAVIS & ASSOCIATES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the

1

Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4.  Plaintiff is a consumer over the age of 18 residing in San Bernardino County, California, which is located within the Central District of California.

5.  Defendant provides third party debt collection services.  Defendant's principal place of business is located at 6316 San Juan Avenue, Suite 15B, Jacksonville 32210. Defendant regularly collects upon consumers located within the state of California.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  The instant action stems from Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") that Plaintiff purportedly owed to Clear Loan. Plaintiff incurred the subject debt for personal and household purposes.

8.  Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9.  Around late 2021, Defendant began its collection campaign by contacting Plaintiff.

10. Upon speaking with Defendant, Plaintiff was informed of its status as a debt collector and of Defendant's intent to collect upon the subject debt.

11. Subsequently, on or around November 5, 2021, Defendant e-mailed a collection letter to Plaintiff.

12. Defendant included the following itemization in its November 5th collection letter:

| ACCOUNT NO: | 5668447312-4 |
|---|---|
| CLIENT: | CLEAR LOAN |
| CLAIM NO: | |
| AMOUNT: | $946.91 |
| INTEREST: | $0.00 |
| OTHER FEES: | $0.00 |
| OTHER COSTS: | $0.00 |
| PAYMENTS: | $0.00 |
| **TOTAL DUE:** | **$1,893.82** |

3

13. Defendant's itemization of the subject debt confused Plaintiff as Defendant provided conflicting information regarding the outstanding balance on the subject debt.

14. Specifically, the "total due" on Defendant's itemization is double the "amount" purportedly owed.

15. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

16. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

17. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with his attorneys regarding his rights in connection with the subject debt, resulting in the accrual of resources and lost time.

18. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject consumer debt given Defendant's violations of law, being lied to in violation of an anti-trickery statute, and further a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any deb . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

26. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false and deceptive representations regarding the total balance of the subject debt in the

November 5th collection letter. Defendant's November 5th collection letter reflects conflicting and false information regarding the subject debt. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated 15 U.S.C. § 1692f through its unfair conduct in inflating the balance of the subject debt without providing a crucial explanation or information to Plaintiff explaining the increased amount.

29. As pled in paragraphs 15 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

32. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

33. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.17

34. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

35. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

36. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.    Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Award any other relief as the Honorable Court deems just and proper.

Dated: November 30, 2020              Respectfully submitted,

                                      /s/Alejandro E. Figueroa
                                      Alejandro E. Figueroa, Esq.
                                      California Bar No. 332132
                                      *Counsel for Plaintiff*
                                      Sulaiman Law Group, Ltd
                                      2500 S Highland Ave, Suite 200
                                      Lombard, IL 60148
                                      Telephone: (630) 575-8181 Ext. 120
                                      alejandrof@sulaimanlaw.com