**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
 Lombard, Illinois 60148
Telephone: (630) 575-8181 x120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO P. BERNARDO,<br><br>     Plaintiff,<br><br>     v.<br><br>DAVIS, DAVIS & ASSOCIATES, LLC,<br><br>     Defendant. | Case No.  5:21-cv-02010-KK<br><br>**PLAINTIFF'S NOTICE OF MOTION and MOTION FOR DEFAULT JUDGMENT AGAINST DAVIS, DAVIS & ASSOCIATES, LLC**<br><br>Date:  April 4,2022<br>Time:  9:00 a.m.<br>Room:  Via Zoom Videoconferencing<br>Judge: Jesus G. Bernal |

PLEASE TAKE NOTICE that on April 4, 2022 at 9:00 a.m. or as soon thereafter as the matter may be heard at the United States District Court for the Central District of California, via Zoom Videoconferencing. At that time ("Plaintiff"), by and through the undersigned counsel and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, will move that this Honorable Court to  enter a Default Judgment against

Davis, Davis & Associates, LLC ("Defendant").

## I. BACKGROUND

1. On November 30, 2021, Plaintiff filed his Complaint for Damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") against Defendant in the Central District of California. [Dkt No. 1].

2. Plaintiff is a resident of San Bernardino County, California, which is located within the Central District of California.

3. Plaintiff alleged that Defendant violated the FDCPA and RFDCPA through its collection activities. Upon information and believe, Defendant is attempting to collect a debt Plaintiff allegedly owed to Clear Loan ("subject debt"). In 2021, Defendant began its collection campaign to collect upon the subject debt. As a part of its collection campaign, Defendant sent Plaintiff an email on November 5, 2021. Within the email, there was a collection letter in which Defendant provided Plaintiff with an itemization of the subject debt. The itemization provided Plaintiff with conflicting information pertaining the subject debt. The amount owed is listed as $946.91 but the total due is listed as $1,893.82 and there are no additional charges itemized on this collection letter. Exhibit A contains a copy of this collection letter Plaintiff received on November 5, 2021.

4. On December 22, 2021, a process server named Aqualla Stephen served Kendall Wilson, who is authorized to accept service on Defendant's behalf, a copy

of the Summons and Complaint at Defendant's principal place of business. [Dkt No. 7].

5. Accordingly, responsive pleading to Plaintiff's Complaint was due on or before January 12, 2022.

6. On January 13, 2022, Plaintiff filed a Motion for Clerk's Entry of Default. [Dkt No. 8].

7. Upon filing of this motion, Plaintiff's counsel's office served a copy of the Motion for Clerk's Entry of Default by mail and email to Defendant's principal place of business.

8. On January 14, 2022, the Clerk of the Court entered a Default against Defendant. [Dkt. No. 10].

## II. LEGAL STANDARD

After the entry of default under Federal Rule of Civil Procedure 55(a), a federal district court may enter a default judgment under Rule 55(b). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation marks and citation omitted). Because allegations pertaining to damages are not assumed to be true, plaintiffs must provide "an evidentiary basis" for the damages requested. *Sprint Nextel Corp. v. Thuc Ngo,* No. C-12-02764 CW (EDL), 2012 WL 4127296, at *3 (N.D. Cal. Sept. 18, 2012). That burden is "relatively lenient." *Elektra Entm't Group, Inc. v. Bryant*, No.

3

CV 03-6381GAF (JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). However, a defendant is not held to admit facts that are not well-pleaded or admitted to conclusions of law. *DIRECTV, Inc. v. Hoa Huynh*, 503 F. 3d. 847, 854 (9th Cir. 2007) *(citation and quotation))*. Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F. 2d 1261, 1267 (9th Cir. 1992) *(citing Danning v. Lavine*, 575 F. 2d 1386, 1388 (9th Cir. 1978))' accord DIRECTV* 503.F.3d at 854.

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. DISCUSSION

**A. Jurisdiction and Service of Process**

In considering whether to enter a default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties of a case. *In re Tuli*, 172. F. 3d 707, 712 (9th Cir. 1999).

**1. Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this matter because Plaintiff raises claims under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. §

4

1692 *et seq.* in turn establishing Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as a "civil action arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

### 2. Personal Jurisdiction

#### 1. Basis for Personal Jurisdiction

Defendant, an out-of-state debt collector, maintained sufficient minimum contacts with a consumer from the state of California in connection with its debt collection efforts at issue in this matter such that the Court has specific personal jurisdiction over Defendant in relation to Plaintiff's claims. As articulated by the Ninth Circuit in *Schwarzenegger v. Fred Martin Motor Co.,* 274 F.3d 797, 802 (9th Cir. 2004), there is a three prong test for analyzing a claim of specific personal jurisdiction:

*i.  Purposeful direction and purposeful availment*

Defendant, through its attempts to collect upon a debt by communicating with a consumer in California, purposefully directed its debt collection activities at the forum and further performed some act by which it purposefully availed itself of the privileges of conducting debt collection activities in the forum.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum . . . ." *Schwarzenegger,* 274 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within

the forum, thus invoking the benefits and protections of its laws.'" *Id.* (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). In the instant matter, Defendant, a Florida debt collector, made contacts relating to Plaintiff, a consumer residing in the state of California, attempting to collect upon a debt. By engaging in debt collection activities against a consumer in California, Defendant purposefully availed itself of the privilege of doing its business in California, and in turn must, as a quid pro quo, submit to the burdens of litigation in this forum.

"A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum . . . ." *Id.* at 803. Defendant, a Florida debt collector, directly its collection activities to Plaintiff, in the state of California. By virtue of purposefully directing it's out of state activities at a consumer in the state of California, Defendant purposefully directed its conduct towards the forum, in turn establishing the first of the three *Schwarzenegger* factors.

### ii. Claims arise out of forum-related activities

Plaintiff's claims arise out of and relate to Defendant's forum-related activities. Plaintiff's claims stem entirely from the debt collection activities Defendant subjected him to while he resided as a resident of California. As such, Defendant's forum-related activity, i.e., the sending collection letters relating to a debt owed by a California consumer, is the entire basis for Plaintiff's claims, and therefore Plaintiff satisfies the second *Schwarzenegger* factor.

### *iii. Fair play and substantial justice*

Exercising personal jurisdiction over Defendant comports with the notions of fair play and substantial justice – i.e., it is reasonable. Because Plaintiff has satisfied the first two *Schwarzenegger* factors, it would be Defendant's burden to present a compelling case that the exercise of jurisdiction would not be reasonable. Regardless, there is nothing to indicate that the exercise of personal jurisdiction over a Defendant who purposefully directed its activities to the state of California and who further purposefully availed itself of the laws of the state of California would be unreasonable. Therefore, because the three *Schwarzenegger* elements are satisfied, the Court should find it has personal jurisdiction over Defendant.

### b. Service of Process

On December 22, 2021, pursuant to Rule 4(e)(2)(c), Defendant was served with a copy of the Summons and Complaint.[Dkt. No. 7].

### B. Eitel Factors

In determining whether to enter a default against a Defendant , the Court must consider several factors, including: (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendants' default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Procedurally proper motions for default judgment

"are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

### 1. Possibility of Prejudice to Plaintiff

There is no possibility of prejudice to Plaintiff in the event Plaintiff's motion for default is granted. Conversely, Plaintiff would suffer prejudice if the motion for default is not granted. Defendant, in this matter, after being served with a copy of the Summons and Complaint failed to enter this case. In the event the motion for default is denied, Plaintiff would be prejudiced as Defendant has failed to participate in this lawsuit, leaving Plaintiff with no legal recourse.

### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

Plaintiff's Complaint asserts violations of the FDCPA and RFDCPA stemming principally from Defendant's illegal debt collection activities relating to the subject debt. [Dkt No. 1; ¶¶ 7-17].

Plaintiff's Complaint sufficiently outlines the extent to which Defendant violated 15 U.S.C. §§ 1692 (e) and (f) and Cal. Civ. Code § 1788.17 through the its debt collection campaign relating to the subject debt.

Defendant violated the following sections of the FDCPA:

a. 15 U.S.C 1692 (e) prohibits a debt collector from using "any false, deceptive or misleading representations means in connection with the collection any debt." Defendant violated this section of the FDCPA through its false and deceptive representation regarding the total balance of the subject debt in

collection letter it sent to Plaintiff on November 5, 2021. Within the collection letter, the amount owed is listed as $946.91 but the total due is listed as $1,893.82. Plaintiff is not provided with any explanation as to reason(s) behind the total due being double the amount owed on the subject debt.

b. 15 U.S. C. 1692(f) prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated the 1692(f) by inflating the balance owed on the subject debt without providing a crucial explanation or information to Plaintiff to explain the increased amount.

Lastly, Defendant's conduct violated Cal. Civ. Code § 1788.17. Under Cal. Civ. Code § 1788.17, a debt collector violates this state statue when a violation of the FDCPA is found. As outlined in the previous paragraphs, Defendant has violated several provisions of the FDCPA. Plaintiff's Complaint sufficiently outlines Defendant's violations stems from its debt collection activities it subjected Plaintiff too.

### 3. The Sum of Money at Stake

The amount of money at issue in this matter counsels in favor of granting Plaintiff's motion for default. Plaintiff is seeking a total of $5,811.40 in statutory damages and attorneys' fees as a result of Defendant's conduct. The relatively modest amount of the sum of money at stake, therefore, illustrates the propriety of granting Plaintiff's motion for default.

### 4. The Possibility of a Dispute as to Material Facts

There is no possibility of a dispute as it very clear that Defendant did send Plaintiff a Collection notice on November 5, 2021 in which it presented Plaintiff with conflicting information relating to the subject debt. Exhibit A contains a copy of the Collection Notice Plaintiff received on November 5, 2021.

### 5. Excusable Neglect

The record reflects that Defendant's default was not the result of excusable neglect. Defendant was aware of this case and the allegations asserted therein. Defendant was served with a copy of the Summons and Complaint in this matter on December 22, 2021. In addition to this, on January 13, 2022, Plaintiff's counsel served a copy of its Motion for Entry of Default via mail and email on Defendant. Therefore, it is clear Defendant's default was brought upon by its own decision to not participate in this action, rather than the result of excusable neglect.

### 6. Policy Favoring Decision on the Merits

Notwithstanding the strong policy considerations favoring a decision on the merits, Plaintiff's motion for default should nevertheless be granted. Plaintiff filed this case intending to have the case decided on the merits. However, Defendant's conduct throughout this litigation has prevented Plaintiff and the Court from achieving that end. Defendant should not now be spared from the consequences of its actions through a denial of Plaintiff's motion for default.

## C. Relief Sought

### 1. Damages

Plaintiff seeks statutory damages of the maximum allowed under the FDCPA, $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A). Defendant's conduct displays a reckless ignorance for the law. Defendant violated many of the hallmarks of the FDCPA through its collection activity..

Plaintiff seeks statutory damages of the maximum amount allowed under the RFDCPA, $1,000.00 as allowed under Cal. Civ. Code § 1788.30(b).

### 2. Attorney Costs and Fees

Plaintiff seeks $3,811.40 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30(c). *See* attached Exhibit B is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit C is a true and correct copy of an affidavit endorsed by the undersigned.

## V. CONCLUSION

Plaintiff Francisco P. Bernardo, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    Entering a Default Judgment of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Davis, Davis & Associates, LLC and in favor of Plaintiff;

    c.    Awarding Plaintiff statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (b), against Davis, Davis & Associates, LLC and in favor of Plaintiff;

  d. Awarding Plaintiff his attorney fees and costs of $ 3,811.40 pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

  f. Allowing judgment interest to be added; and

  g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 9, 2022       Respectfully submitted,

               s/ Alejandro E. Figueroa
               Alejandro E. Figueroa
               Counsel for Plaintiff
               Sulaiman Law Group, Ltd.
               2500 South Highland Avenue
               Suite 200
               Lombard, IL 60148
               (630) 575-8181 (Phone)
               (630) 575-8188 (Fax)
               alejandrof@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Plaintiff, certifies that on March 9, 2022, he caused a copy of the foregoing **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DAVIS, DAVIS & ASSOCIATES, LLC ON SUM CERTAIN,** to be served by U.S. Priority Mail, postage prepaid on:

       Davis, Davis & Associates
       6316 San Juan Avenue, Suite 15B
       Jacksonville, FL 32210
       customerservice@davisdavisassociates.com

              s/ Alejandro E. Figueroa
              Alejandro E. Figueroa