UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-2010 JGB (SHKx)** | Date | March 31, 2022 |
|---|---|---|---|
| Title | *Francisco P. Bernardo v. Davis Davis and Associates LLC* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING-IN-PART and DENYING-IN-PART Plaintiff's Motion for Default Judgment (Dkt. No. 12); and (2) VACATING the April 4, 2022 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Francisco P. Bernardo's motion for default judgment. ("Motion," Dkt. No. 12.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **GRANTS-IN-PART and DENIES-IN-PART** the Motion. The April 4, 2022 hearing is **VACATED**.

## I.  BACKGROUND

On November 30, 2021, Bernardo filed his Complaint against Defendant Davis, Davis and Associates, LLC ("DDA"). (See "Complaint," Dkt. No. 1.) Bernardo alleges two causes of action: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; and (2) violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. (Id.)

On December 22, 2021, DDA was properly served with the Complaint and summons. (See "Proof of Service," Dkt. No. 7.) Specifically, a process server, Aqualla Stephen, served Kendall Wilson, who is authorized to accept service on DDA's behalf. (Motion at 2-3.) DDA's responsive pleading was due no later than January 12, 2022, according to the Federal Rules of Civil Procedure. (See id. at 3.) DDA, however, failed to respond.

As a result, on January 13, 2022, Bernardo filed a request for entry of default against DDA. ("Request for Entry of Default," Dkt. No. 8.)  The Clerk of this Court then entered default against DDA on January 14, 2022. (Dkt. No. 10.)  On March 9, 2022, Bernardo filed the instant Motion.  DDA has not opposed the Motion.

## II.  LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a court may order default judgment following the entry of default by the Clerk of the Court.  Under Local Rule 55-1, a party moving for default judgment must also file a declaration that conforms to Rule 55(b) and sets forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the court's sound discretion court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092–93 (9th Cir. 1980).  In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth seven factors to consider when determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471–72 ("Eitel factors").  Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven.  TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  A plaintiff is required to provide evidence of her damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing.  Fed. R. Civ. P. 55(b)(2).  Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

## III.  DISCUSSION

Bernardo requests the Court to enter default judgment against DDA.  The Court therefore considers whether Bernardo has met the procedural requirements described above and has established that, on balance, the Eitel factors support entry of default judgment.

### A. Procedural Requirements

Bernardo has satisfied the procedural requirements for entry of default judgment. Pursuant to Rule 55, Bernardo did not petition for entry of default judgment until after the Clerk entered default against DDA. (See Request for Entry of Default.) Bernardo submits the affidavit of attorney Alejandro E. Figueroa with the information required by Local Rule 55-1. (Dkt. No. 12-3, ¶¶ 2-5.) The Motion was served by mail and email to DDA's principal place of business. (Motion at 3.)

### B. Eitel Factors

#### 1. Possibility of prejudice to Plaintiff

Bernardo would suffer prejudice if the Court were to not enter default judgement. Because DDA has not appeared in this action, a default judgment is the only means by which Bernardo may obtain relief. Absent a default judgment by this Court, Bernardo would "be forced to continue the litigation even though no party has filed an answer or a claim." United States v. Approximately $194,752 in U.S. Currency, 2011 WL 3652509, at *3 (N.D. Cal. Aug. 19, 2011). Therefore, this factor weighs in favor of default judgment. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding that the plaintiff would suffer prejudice absent the entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

#### 2. Substantive merits of Plaintiff's claims

The second and third Eitel factors concern the merits of Bernardo's substantive claims and the sufficiency of his Complaint, respectively. See Eitel, 782 F.2d at 1471–72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (citation omitted). Here, Bernardo's claims are sufficiently stated and meritorious. Accordingly, the second and third Eitel factors favor default judgment as to Bernardo's claims.

##### a. Claim 1: Violations of the Fair Debt Collection Practices Act

Bernardo's first cause of action alleges that DDA violated two sections of the Fair Debt Collection Practices Act ("FDCPA"). (Complaint ¶¶ 24-29.) The first, section 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The second, section 1692f, provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

//
//

### i. Debt collector

First, "[b]ecause these prohibitions apply only to debt collector[s] as defined by the FDCPA, the complaint must plead factual content that allows the court to draw the reasonable inference that [DDA] is a debt collector." Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quotations omitted) (emphasis added). The FDCPA defines "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"; and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Here, although the Complaint does not allege that the "principal purpose" of DDA is debt collection, the Complaint does allege that DDA "regularly use[s] the mail and/or the telephone to collect, or attempt collect, delinquent consumer accounts." (See Complaint ¶¶ 21-22.) See Schlegel, 720 F.3d at 1208–1210; see also Merritt v. JP Morgan, 2018 WL 1933478, at *12 (N.D. Cal. Apr. 24, 2018) (finding as sufficient plaintiff's allegation that defendant "regularly collect[s] or attempt[s] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). Accordingly, the Court finds that Bernardo sufficiently alleges that DDA is a debt collector as defined under section 1692a(6).

### ii. Debt

Second, Bernardo must sufficiently allege that this lawsuit involves a "debt" as defined by section 1692. See Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Pursuant to section 1692(a)(5), a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a)(5). The Ninth Circuit has found that "at a minimum, a transaction under the FDCPA must involve some kind of business dealing or other consensual obligation." Fleming v. Pickard, 581 F.3d 922, 925 (quotations omitted). Here, the Complaint alleges that the alleged obligation in the amount of $946.91 is a debt because "it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes." (See Complaint ¶ 23.) Accordingly, the Court finds that Bernardo sufficiently alleges that the alleged obligation is a debt as defined under section 1692(a)(5).

### iii. Violation

Third and last, to sate a claim for violation of the FDCPA, Bernardo must sufficiently allege that DDA "has engaged in any act or omission in violation of the prohibitions or requirements of the [FDCPA]." See Yrok Gee Au Chan v. N. Am. Collectors, Inc., 2006 WL 778642, at *3 (N.D. Cal. Mar. 24, 2006). Because the FDCPA is a strict liability statute, a plaintiff need not show that the violations of section 1692e were knowing or intentional. Clark v. Cap. Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 (9th Cir. 2006) ("Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c).") Even "one

action can give rise to multiple violations" of the FDCPA. Id. at 1177 (emphasis added). However, "a debt collector is not liable for its violations of the FDCPA if 'the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.'" Id. at 1176–77 (quoting 15 U.S.C. § 1692k(c)).

Here, Bernardo alleges that DDA violated section 1692e and subsections 1692e(2)(A) and 1692e(10) of the FDCPA.[1] (Complaint ¶ 26.) Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection on any debt." 15 U.S.C. § 1692e. Section 1692e—without limiting the general prohibition against "false and deceptive methods of debt collecting"—then sets forth 16 subdivisions providing specific examples of false, deceitful, or misleading conduct that violates the FDCPA. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). Bernardo alleges violations of two of those subsections: first, section 1692e(2)(A), which prohibits the "false representation" of "the character, amount, or legal status of any debt"; and second, section 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." (Complaint ¶¶ 24-26.); see also 15 U.S.C. §§ 1692e(2)(A), 1692e(10).

In support of those claims, the Complaint alleges that DDA spoke to Bernardo about its status as a debt collector and its intent to collect upon the subject debt that Bernardo allegedly owed to Clear Loan. (Complaint ¶¶ 7, 9.) DDA then emailed a collection letter to Bernardo. (Id. ¶ 11.) That letter includes an itemization correctly stating the amount of the subject loan as $946.91, but incorrectly stating that the "total due" was double that amount: $1,893.82. (Id. ¶¶ 12-14.) The letter also asserts that "your balance of **$1,893.82** remains outstanding"; and—in the section requesting that the "stub" be returned "with your payment"—the letter states, "**BALANCE: $1,893.82**." (Dkt. No. 12-1.)[2]

Bernardo has not been provided with any explanation as to why the total amount due is double the debt. (Motion at 9.) In Bernardo's view, DDA violated section 1692e "through its false and deceptive representations regarding the total balance of the subject debt" because the collection letter "reflects conflicting and false information regarding the subject debt."

---

[1] The bona fide error defense does not apply here because DDA has not offered such a defense. See 1692k(c) (bona fide error defense requires that the "debt collector show[] by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error . . . ." (emphasis added)).

[2] Although DDA's November 5, 2021 collection letter is not attached to the Complaint, the Complaint specifically references the letter. (See Complaint ¶¶ 11-12.) The Court finds no reason to dispute the letter's accuracy. As such, the letter is incorporated by reference into the Complaint. See Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012) (documents are judicially noticeable under the "incorporation by reference" doctrine if their content is referenced in the complaint and their authenticity is not in dispute); see also Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (doctrine of incorporation by reference extends to documents "not physically attached to the pleading").

(Complaint at 5-6.) DDA's actions, Bernardo says, "only served to worry and confuse" him. (Id. at 6.)

The Court finds that Bernardo sufficiently alleges a violation of sections 1692e, 1692e(2)(A), and 1692e(10) because the allegations in the Complaint—which must be taken as true here—are that DDA used "false and deceptive representations regarding the total balance of the subject debt in the [November 5, 2021] collection letter." See Yrok, 2006 WL 778642, at *4 (finding that plaintiff sufficiently stated a violation of section 1692e(2)(A) by alleging that defendants misrepresented the amount of the debt being collected); see also Cacace v. Lucas, 775 F. Supp. 502, 505-506 (D. Conn. 1990) (holding that an overstatement of debt "that was a mistake" violated the FDCPA).

The Court also finds that Bernardo sufficiently alleges a violation of 1692f of the FDCPA. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Bernardo alleges that DDA violated section 1692f "through its unfair conduct in inflating the balance of the subject debt without providing a crucial explanation or information to [Bernardo] explaining the increased amount." (Complaint ¶ 28.) The Court finds that because DDA misrepresented the amount of the debt in violation of section 1692e, DDA also simultaneously "[sought] to collect an amount that is not permitted by law in contravention of section 1692f(1)." See Clark, 460 F.3d at 1175 ("[W]hen Capital pursues a debt it knows is overstated, Capital simultaneously misrepresents the debt in contravention of § 1692e and seeks to collect an amount that is not permitted by law in contravention of § 1692f(1).") The Court therefore finds that Bernardo sufficiently alleges a violation of 1692f.

### b. Claim 2: Violation of the Rosenthal Fair Debt Collection Practices Act

Bernardo's second cause of action alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788, et seq. (Complaint ¶¶ 30-36.) Bernardo contends that by violating the FDCPA, DDA also violated section 1788.17 of the Rosenthal Act. (Id. ¶¶ 34-35; Motion at 9). The Court agrees.

Section 1788.17 of the Rosenthal Act provides in pertinent part:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17. As discussed above, the Court finds that Bernardo has stated claims for relief under sections 1692e, 1692e(2)(A), 1692e(10), and 1692f of the FDCPA. The Court therefore concludes that DDA has also violated Cal. Civ. Code § 1788.17. See Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005) (holding that because a debt collector violated the FDCPA, it also violated Cal. Civ. Code § 1788.17).

3. **Sum of money at stake**

The fourth <u>Eitel</u> factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct.  <u>PepsiCo</u>, 238 F. Supp. 2d at 1176.  Bernardo seeks (1) $1,000 in statutory damages under the FDCPA (Complaint ¶ 29(a)); (2) $1,000 in statutory damages under the Rosenthal Act (<u>id.</u> ¶ 36(c)); and (3) $3,811.40 in attorneys' fees and costs (<u>see</u> <u>id.</u> ¶¶ 29(d), 36(d); Motion at 12)—for a total request of $5,811.40.  "Although entry of default judgment may not be appropriate where a large sum of money is at stake," the Court finds that Bernardo's "requested relief is not so large or burdensome to necessitate denying the motion on this basis alone."  See <u>Broad. Music, Inc. v. Kiflit</u>, 2012 WL 4717852, at *3 (N.D. Cal. Oct. 2, 2012) (finding sum of money at stake weighed in favor of granting default judgment where plaintiff requested a total of $16,127).  Accordingly, this factor weights in favor of a default judgment.

4. **Possibility of dispute concerning material facts**

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages.  <u>TeleVideo</u>, 826 F.2d at 917; <u>Elektra Entm't Group Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").  Because DDA has neither appeared in this action nor asserted any defenses, it is unlikely that disputes regarding material facts will arise.  Accordingly, this factor weighs in favor of default judgment.

5. **Whether default was due to excusable neglect**

Under the sixth factor, the court must consider whether a defendant's default may have been due to excusable neglect.  <u>Eitel</u>, 782 F.2d at 1472.  This factor favors the entry of a default judgment when the defendant has been properly served or when the plaintiff demonstrates that the defendant is aware of the action.  <u>Wecosign, Inc. v. IFG Holdings, Inc.</u>, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  Here, DDA was properly served with the Complaint and summons on December 22, 2021.  (<u>See</u> Proof of Service.)  Moreover, Bernardo's Counsel certifies that he served a copy of the Motion on DDA on March 9, 2022.  (Motion at 12.)  Accordingly, the Court finds that DDA's default was not the product of excusable neglect.  This factor therefore favors entry of default judgment.

6. **Policy favoring decision on the merits**

Generally, default judgments are disfavored because cases "should be decided upon their merits whenever reasonably possible."  <u>Eitel</u>, 782 F.2d at 1472.  However, where a defendant fails to appear and respond, default judgment is appropriate.  <u>Wecosign,</u> 845 F. Supp. 2d at 1083.  Here, DDA's failure to appear or defend against this action makes a decision on the merits impracticable.  This factor therefore weighs in favor of default judgment.

In sum, an analysis of the Eitel factors supports granting default judgment.

**C. Requested Relief**

Having determined that default judgment should be entered in Bernardo's favor, the Court now turns to Bernardo's requested relief. As a threshold matter, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Bernardo requests that the Court award him $5,811.40 pursuant to the following:

- $1,000 in statutory damages under the FDCPA (Complaint ¶ 29(a); Motion at 11);
- $1,000 in statutory damages under the Rosenthal Act (Complaint ¶ 36(c); Motion at 11); and
- $3,811.40 in attorneys' fees and costs (Complaint ¶¶ 29(d), 36(d); Motion at 12).

That requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings. However, the Motion's request for "[a]llowing judgment interest to be added" does differ in kind from what is demanded in the pleadings, so the Court declines to consider Bernardo's request for judgment interest

    a. **Statutory damages**

The FDCPA provides that any debt collector who violates any provision of the FDCPA is liable for statutory damages of up to $1,000, in addition to any actual damages sustained. 15 U.S.C. § 1692k(a). In determining those damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The Rosenthal Act, meanwhile, provides that any debt collector who willfully and knowingly violates the Act shall be liable to the debtor for a penalty between $100 and $1,000, at the Court's discretion. Cal. Civ. Code § 1788.30(b).

Here, Bernardo requests the maximum amount of statutory damages available under each statute. (Motion at 11-12.) DDA's violations warrant an award of statutory damages, but "not in the amounts [Bernardo] seeks." See Freligh v. Roc Asset Sols., LLC, 2016 WL 3748723, at *7 (N.D. Cal. June 8, 2016), report and recommendation adopted, 2016 WL 3747616 (N.D. Cal. July 11, 2016). In that regard, although DDA has set forth the facts in the Complaint that establish violations of both the FDCPA and the Rosenthal Act, those violations stem from a single allegedly deceitful incident: the November 5, 2021 collection letter. (Complaint ¶¶ 7-18.); see Clark, 460 F.3d at 1178 (concluding that, because Congress did not intend to create windfalls through the FDCPA, "the fact that numerous violations of the FDCPA are predicated upon one set of circumstances should be considered and that it is best considered during the calculation of damages"). As such, the alleged misconduct here was "not egregious" in its alleged "frequency and persistence," see Freligh, 2016 WL 3748723, at *7 (collecting cases), as Bernardo allegedly received only one phone call from DDA—which no facts suggest was deceitful—and one

deceitful letter. (See Complaint ¶¶ 9-18.) Furthermore, Bernardo provides no cases from which the Court may "meaningfully compare" their facts "to the facts alleged here" to award the maximum statutory damages allowed. See Freligh, 2016 WL 3748723, at *7.

The Court therefore **DENIES** Bernardo's request for $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the Rosenthal Act. The Court instead **AWARDS** Bernardo $250 in statutory damages under the FDCPA and $250 in statutory damages under the Rosenthal Act. See, e.g., Neves v. Benchmark Recovery, Inc., 2015 WL 6957525, at *4–5 (N.D. Cal. Nov. 11, 2015) (awarding same where "[a]ll of Defendants' alleged violations stem from a single incident: the . . . collection letter").

### b. Attorneys' fees and costs

Local Rule 55-3 provides a schedule for attorneys' fees in default judgment actions when an applicable statute allows for recovery of reasonable attorneys' fees. L.R. 55-3. Both the FDCPA and Rosenthal Act mandate the payment of reasonable attorneys' fees to a successful consumer. See 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).

The award of attorneys' fees under the FDCPA is generally calculated using the "lodestar" method. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (citations omitted). The reasonable hourly rate for an attorney is determined by the "prevailing market rate of the relevant community"—that is, the forum in which the district court sits. Carson v. Billings Police Dep't, 470 F. 3d 889, 891 (9th Cir. 2006).

The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1993). Although the lodestar figure is "presumptively a reasonable fee award" in most cases, the court "may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho, 523 F.3d at 978 (citations omitted). For example, hours may be reduced by the court "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

Because this case involves a damages award of $1,000 or less, the schedule set out in L.R. 55-3 provides for an attorneys' fees award of "30%" of the amount of damages "with a minimum of $250.00." See L.R. 55-3. However, Bernardo has filed a request for attorneys' fees and costs in the amount of $3,811.40. (Motion at 12.)

//
//
//

Specifically, Bernardo's Counsel seeks attorneys' fees of $3,312.50 for 10.3 hours of work at the following hourly rates:

| Position | Hourly Rate | Total Hours | Total |
|---|---|---|---|
| Attorney | $375 | 8.1 | $3,037.5 |
| Paralegal | $125 | 2.2 | $275 |
| **Total** | | 10.3 | $3,312.50 |

("Exhibit B," Dkt. No. 12-2.) Bernardo also requests $498.90 in costs for the filing fee, service, and mailing cost. (Id.)

The Court finds that the hourly rates above are reasonable, and that the lodestar does not include fees for any hours that are excessive, redundant, or otherwise unnecessary. The Court therefore concludes that the lodestar amount of $3,312.50 is reasonable. In addition, the Court finds that Bernardo's Counsel's costs were reasonably incurred and grants the requested $498.90 in costs.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART and DENIES-IN-PART** the Motion. Judgment shall be entered as follows:

1. Judgment is entered in favor of Plaintiff Francisco P. Bernardo.

2. Bernardo is **AWARDED** $500 in damages; $3,312.50 in attorneys' fees; and $498.90 in costs.

3. The April 4, 2022 hearing is **VACATED**.

4. The Clerk is directed to close the case.

**IT IS SO ORDERED.**